**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2929
_____

SCOTT PHILLIPS, Individually and as guardian ad litem
on behalf of S.P., B.P., and K.P.,
Appellant

v.

ARCHDIOCESE OF NEWARK, JOSEPH W. CARDINAL TOBIN, MSGR.
NYDEGGER, MARGARET DAMES, JAMES GOODNESS, ET AL.,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:18-cv-12207)
District Judge: Honorable Madeline Cox Arleo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 28, 2025

Before: CHAGARES, *Chief Judge*, BOVE and SCIRICA,* *Circuit Judges*.

(Opinion filed: August 12, 2026)
_____

OPINION**
_____

---

* The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

** This disposition is not an opinion of the full Court and pursuant to 3d Cir. I.O.P. 5.7 does not constitute binding precedent.

BOVE, *Circuit Judge.*

Plaintiff Scott Phillips appeals the District Court's adverse grant of summary judgment on his Title IX claim against the Archdiocese of Newark, St. Theresa's School, and other Defendants. The District Court was correct that Phillips failed to adduce evidence that any of the Defendants received federal funding, which is required to make out a Title IX claim. Therefore, we will affirm. And because we see no willful misconduct by Plaintiff's counsel during this appeal, Defendants' sanctions motion is denied.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's grant of summary judgment. *See Parker v. New Jersey Motor Vehicle Comm'n*, 158 F.4th 470, 473 (3d Cir. 2025).[1]

## II.

Title IX prohibits discrimination "on the basis of sex" by anyone who operates an "education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff alleged that the Archdiocese of Newark, St. Theresa's School, and other Defendants violated Title IX by refusing to allow Plaintiff's daughter to play on the boys basketball team, and later refusing to allow her to re-enroll for the 2017-2018 school year.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

2

Although the District Court appropriately styled the disposition as a grant of summary judgment in favor of Defendants, there are also references to "subject matter jurisdiction" in the decision. App. 2-4. Like the Supreme Court, we discourage affixing a jurisdictional label to a substantive element of a statutory cause of action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (discussing the "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy"); *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 260-61 (3d Cir. 2008). This has the "unique potential to disrupt the orderly course of litigation." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). For example, "[j]urisdictional bars . . . may be raised at any time." *Id.* Relatedly, where jurisdiction is implicated, there is no recourse to waiver and other doctrines intended to "ensure efficiency and fairness by precluding parties from raising arguments they had previously disavowed." *Id.* at 158.

Here, there was subject matter jurisdiction because, as noted, the case presented a federal question under 28 U.S.C. § 1331. Title IX lacks the "clear indication" required to conclude that federal funding is an additional requirement necessary for a court to exercise subject matter jurisdiction. *In re Whittaker Clark & Daniels Inc.*, 152 F.4th 432, 442-43 (3d Cir. 2025). The only other option—and the appropriate one, in our view—is that federal funding is a substantive element of a Title IX claim rather than a jurisdictional prerequisite. *See M.H.D. v. Westminster Sch.*, 172 F.3d 797, 802 n.12 (11th Cir. 1999). That said, this labeling issue is not a basis for appellate relief under the circumstances presented.

3

That is because the District Court correctly concluded that, after "extensive additional discovery" following our remand in *Phillips v. Archdiocese of Newark*, 2022 WL 2805152 (3d Cir. 2022), Plaintiff failed to present evidence that any of the Defendants "received federal funding for educational purposes during the relevant time period." App. 3. Plaintiff's evidence suggested receipt of federal funding by other entities but not by Defendants. Moreover, Defendants demonstrated that the Archdiocese of Newark and St. Theresa's School are separately incorporated, and that the other schools relied upon by Plaintiff are not part of St. Theresa's School. Like the District Court, we detect no genuine disputes of material fact on these issues. So we will affirm.

## III.

During this appeal, Defendants moved for sanctions based on alleged violations of the Federal Rules of Appellate Procedure and this Court's Local Rules. Courts must exercise their inherent powers, including sanctions authority, with "restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The alleged failure by Plaintiff's counsel to follow the rules required Defendants to file a supplemental appendix. It does not appear that the conduct at issue was willful, and we do not believe the results of the conduct were overly burdensome on other parties or the Court. Accordingly, the sanctions motion is denied.